IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                Case No. 15-10158-JWB

JOSHUA A. HASKINS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to modify conditions of supervised release. (Doc. 128.) The court held a hearing on the motion on August 8, 2022.

On November 21, 2017, Defendant pled guilty and was convicted of distribution of child pornography and transmitting information about a minor in violation of 18 U.S.C. § 2252A(a)(2) and § 2425. (Doc. 75.) He was sentenced to 60 months imprisonment followed by a 5-year term of supervised release. (Doc. 94.) Defendant began serving his term of supervised release on November 8, 2019. (Doc. 122 at 1.) On March 2, 2021, Defendant's supervised release was revoked and he was sentenced to twelve months and one day and a 4-year term of supervised release after he admitted to seven violations of his conditions of supervision. (Doc. 126.) Defendant is currently serving his 4-year term of supervised release. Defendant's conditions of supervised release include the following restriction: "You must have no contact with any person under the age of 18 except: (1) in the presence of an adult who is aware of the nature of your background and offense(s), and who has been approved by the court; (2) in the course of legitimate commercial business; or (3) in other cases of unintentional and incidental contact." (*Id.* at 5.)

1

On June 22, 2022, Defendant filed a motion to modify the no-contact-with-a-minor condition to allow him to have unrestricted contact with his own child who was due to be born at the end of July 2022.[1]  (Doc. 128.)  The government opposed the motion because of Defendant's criminal history and past conduct, which includes physical abuse of a child.  (Doc. 129.)  The parties appeared at a hearing on August 8, 2022.  During the hearing, the parties informed the court of ongoing state proceedings with respect to the minor child, I.E.H.  Those state proceedings are reflected in Sedgwick County District Court Case No. 2022-PR-001154-GU.  According to the record in that case, Shelbe Smith, the child's aunt, has been appointed as guardian of the child.  Stephanie Harris, the child's mother, has a criminal history in the State of Kansas and, as a result, has a condition which prohibits contact with minors for life.  According to the government, the State is seeking to terminate the parental rights of both Defendant and Harris.  Further, Defendant reports that the State has interpreted Defendant's no-unsupervised-contact-with-minors condition in this case as not allowing him to have supervised visits with I.E.H.

Because of the pendency of the state court proceedings involving a petition to terminate parental rights, Defendant would be unable to have unsupervised contact with I.E.H. even if this court were to modify the condition and allow unsupervised contact.  Therefore, after discussion with the parties, the court will clarify Defendant's supervised release condition to allow supervised contact with I.E.H.

Defendant's motion to modify his conditions of supervised release is granted in part in that Defendant is allowed supervised visits and contact with I.E.H.  The visits are to be supervised by

---

[1] In its response, the government asserted that before the court considered granting the requested modification to allow unrestricted contact with I.E.H., it would be Defendant's burden to prove that she was in fact his child. (Doc. 129 at 1.)  This issue was not raised at the hearing, and the government did not oppose the limited relief granted in this order. Accordingly, the court assumes without deciding for purposes of this order that I.E.H. is Defendant's biological child. If that issue remains contested in any future proceedings in this case, the court will address it at the appropriate time.

an individual who is approved by Kansas Department for Children and Families or St. Francis Ministries, the foster care contractor, as long as the United States Probation Officer is informed and has no objection to the individual(s).  Defendant's motion to have unsupervised contact with I.E.H. is denied, without prejudice.  Given the current state court proceedings, Defendant's motion for unsupervised contact is premature.  Defendant may move to modify the condition to allow unsupervised contact at a later date in the event such contact is allowed by state officials.  At that time, the court will conduct an evidentiary hearing on the modification.

Therefore, Defendant's motion to modify his conditions of supervised release (Doc. 128) is GRANTED IN PART and DENIED IN PART.  Defendant is allowed supervised visits and contact with I.E.H, a minor that is the subject of Sedgwick County District Court Case No. 2022-PR-001154-GU.  The visits are to be supervised by an individual who is approved by Kansas Department for Children and Families or St. Francis Ministries as long as the United States Probation Officer is informed and has no objection to the individual(s).

IT IS SO ORDERED.  Dated this 9th day of  August 2022.

                                                                s/ John W. Broomes  
                                                              JOHN W. BROOMES  
                                                              UNITED STATES DISTRICT JUDGE